1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FREDDIE JONES,                                    )
                                                  )
7                       Plaintiff,                )      Case No. 2:13-cv-00268-JCM-NJK
                                                  )
8    vs.                                          )      **<u>ORDER</u>**
                                                  )
9    CAROLYN W. COLVIN,                           )      (IFP App - Dkt. #5)
10   Acting Commissioner of Social Security,      )
                                                  )
11                                                )
                        Defendant.                )
12   _____ )

13        Plaintiff Freddie Jones has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma*

14   *pauperis*, (Dkt. #5), and submitted a Complaint (Dkt. #1-1).

15   **I.      Application to Proceed In Forma Pauperis**

16        Pursuant to 28 U.S.C. § 1915(a), a person seeking to proceed *in forma paurperis* must submit an

17   application  indicating he is unable to prepay fees and costs or give security for them. The litigant need not

18   "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. du Pont De Nemours & Co.*, 335

19   U.S. 331, 339 (1948).

20        Plaintiff Freddie Jones has submitted the affidavit required by 28 U.S.C. § 1915(a). In his

21   application, Plaintiff indicates he is unemployed. He receives $200 a month in food stamps and lives with

22   his daughter who supports him, but does not give him money. He estimates that the value of his daughter's

23   support is approximately $375 a month and without her he would be homeless. Plaintiff has no money in

24   savings and has no source of income. Based on the information in Plaintiff's application, the Court finds

25   that it is unlikely that Plaintiff would be able to pay the $400 filing fee given that he has no income beyond

26   his food stamps.  Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28

27   U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

28   . . .

**II.      Screening the Complaint**

     A.      Standard for IFP Complaints

     Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915, which authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief maybe granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under 28 U.S.C. § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

     Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Lab Corp. of America,* 232 F.3d 719, 723; *North StarIntern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir.1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v.Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir, 2011).

     B.      Exhaustion of Administrative Remedies

     Once Plaintiff has exhausted his administrative remedies, he can obtain review of a Social Security Administration ("SSA") decision denying benefits by commencing a civil action within sixty days after notice of a final decision. *Id*. An action for judicial review of a determination by the SSA must be brought in a District Court of the United States for the judicial district in which the Plaintiff resides. *Id*. The complaint should state the nature of Plaintiff's disability, when Plaintiff claims he became disabled, and when and how he exhausted his administrative remedies. The Complaint should also contain a plain, short, and concise statement identifying the nature of Plaintiff's disagreement with the determination made by the Social Security Administration and show that Plaintiff is entitled to relief. A district court can affirm, modify, reverse, or remand a decision if Plaintiff has exhausted his administrative remedies and timely filed

a civil action. However, judicial review of the Commissioner's decision to deny benefits is limited to determining: (a) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner; and (b) whether the correct legal standards were applied. *Morgan v. Commissioner of the Social Security Adm.*,169 F.3d 595, 599 (9th Cir. 1999).

Generally, if the SSA denies a claimant's application for disability benefits, he can request reconsideration of the decision. If the claim is denied at the reconsideration level, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. If the Appeals Council declines to review the ALJ's decision, a claimant may then request review by the United States District Court. *See generally* 20 C.F.R. §§ 404, 416.

B.    Plaintiff's Complaint

The Plaintiff's Complaint challenges a decision by the SSA denying Freddie Jones disability benefits. Therefore, before the Plaintiff can sue the SSA in federal court, he must exhaust his administrative remedies. 42 U.S.C. § 405(g).

Plaintiff alleges that on January 4, 2013, the Appeals Council denied Freddie Jones' request for review, and the ALJ's decision became the final decision of the Commissioner. Thus, it appears Plaintiff has exhausted his administrative remedies. Based on the foregoing,

IT IS ORDERED that:

1.    Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff shall not be required to pay the filing fee of four hundred dollars ($400.00).

2.    Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3.    The Clerk of Court shall file the Complaint.

4.    The Clerk of the Court shall serve the Commissioner of the Social Security Administration by sending a copy of the summons and Complaint by certified mail to: (1) General Counsel, Social Security Administration, Room 611, Altmeyer Bldg., 6401 Security Blvd., Baltimore,

Maryland 21235; (2) the Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue, N.W., Room 4400,Washington, D.C. 20530, and (3) Office of the Regional Chief Counsel, Region IX, Social Security Administration, 160 Spear Street, Suite 899, San Francisco, California 94105-1545

5.   The Clerk of Court shall issue summons to the United States Attorney for the District of Nevada and deliver the summons and Complaint to the U.S. Marshal for service.

6.   From this point forward, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The court may disregard any paper received by a district judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

Dated this 13th day of November, 2013.

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE