1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   FREDDIE JONES,                              )
                                                )
11                     Plaintiff(s),             )        Case No. 2:13-cv-00268-JCM-NJK
                                                )
12   vs.                                        )        REPORT AND RECOMMENDATION
                                                )
13   CAROLYN W. COLVIN,                          )
     COMMISSIONER OF SOCIAL SECURITY,            )
14                                              )
                     Defendant(s).              )
15   _____)

16        This case involves judicial review of administrative action by the Commissioner of Social

17   Security ("Commissioner") denying Plaintiff Freddie Jones' application for disability insurance benefits

18   and supplemental security income pursuant to Titles II and XVI of the Social Security Act, 42 U.S.C.

19   Ch. 7.  Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand.  Docket

20   No. 24.  The Commissioner filed a response in opposition and a Cross-Motion to Affirm.  Docket Nos.

21   25, 26.  No reply was filed.  This action was referred to the undersigned magistrate judge for a report

22   of findings and recommendation pursuant to 28 U.S.C. 636(b)(1)(B)-(C) and Local Rule IB 1-4.

23   **I.      BACKGROUND**

24        A.      Procedural History

25        On September 25, 2009, Plaintiff filed applications for a period of disability and disability

26   insurance benefits and supplemental security income alleging that he became disabled on September 21,

27   2009.  *See, e.g.*, Administrative Record ("A.R.") 121-133.  His claims were denied initially on

28   November 17, 2009, and upon reconsideration on May 24, 2010.  A.R. 72-76, 78-83.  On July 2, 2010,

1    Plaintiff filed a  request for a hearing before an Administrative Law Judge ("ALJ").  A.R. 87-88.  On

2    July 18, 2011, Plaintiff, his attorney, and vocational expert appeared for a hearing before ALJ Susanne

3    Lewald.  *See* A.R. 45-67.  On October 14, 2011, the ALJ issued an unfavorable decision finding that

4    Plaintiff had not been under a disability, as defined by the Social Security Act, from September 21, 2009

5    through the date of her decision.  A.R. 22-34.  The ALJ's decision became the final decision of the

6    Commissioner when the Appeals Council denied Plaintiff's request for review on January 4, 2013.  A.R.

7    1-6.

8         On February 19, 2013, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C.

9    § 405(g).  *See* Docket No. 1-1 (complaint).  Plaintiff filed an application for leave to appear *in forma*

10   *pauperis*, which the Court initially denied as incomplete.  Docket No. 4.  The Court granted the amended

11   application.  Docket No. 6.

12        B.     The ALJ Decision

13        The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520

14   and 416.920, and issued an unfavorable decision on October 14, 2011.  A.R. 22-34.  At step one, the

15   ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through

16   December 31, 2014 and has not engaged in substantial gainful activity since September 21, 2009.  A.R.

17   27.  At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus

18   with peripheral neuropathy; gout; degenerative joint disease of the right shoulder; and morbid obesity.

19   A.R. 28.  At step three, the ALJ found that Plaintiff does not have an impairment or combination of

20   impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart

21   P, Appendix 1.  A.R. 28.

22        The ALJ found that Plaintiff had the residual functional capacity for light work as defined by 20

23   C.F.R. 404.1567(b) and 416.967(b) except that the claimant can:  sit up to 6 hours in an 8-hour work

24   day; stand and walk short distances up to 6 hours in an 8-hour workday; lift 20 pounds occasionally and

25   10 pounds frequently; perform all postural activities occasionally; and should avoid all work around

26   unprotected heights.  A.R. 28-31.  At step four, the ALJ found Plaintiff unable to perform his past

27   relevant work based on the vocational expert's testimony.  A.R. 32.  At step five, the ALJ found that

28   jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age,

1    education, work experience, and residual functional capacity. A.R. 32-33. In doing so, the ALJ defined

2    Plaintiff as a younger individual aged 18-49 on the alleged onset date who subsequently changed age

3    category to closely approaching advanced age, with at least a high school education, able to

4    communicate in English, and found that the transferability of job skills is not material to the

5    determination of disability. A.R. 32. The ALJ considered Medical Vocational Rules 202.21 and 202.14,

6    which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony

7    that an individual with the same residual functional capacity and vocational factors could perform work

8    as a hand packager, arcade attendant, and electronic assembler/battery assembler. A.R. 33. Based on

9    all of these findings, the ALJ found Plaintiff not disabled and denied his applications for a period of

10   disability and disability insurance benefits and supplemental security income. *See* A.R. 33-34.

11   **II.    STANDARDS**

12          A.    Judicial Standard of Review

13          The Court's review of administrative decisions in social security disability benefits cases is

14   governed by 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section

15   405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security

16   made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

17   review of such decision by a civil action . . . brought in the district court of the United States for the

18   judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript

19   of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social

20   Security, with or without remanding the cause for a rehearing." *Id.*

21          The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence.

22   *Id.*    To that end, the Court must uphold the Commissioner's decision denying benefits if the

23   Commissioner applied the proper legal standard and there is substantial evidence in the record as a

24   whole to support the decision. *See, e.g., Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The

25   Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance;

26   it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

27   *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's

28   findings are supported by substantial evidence, the Court reviews the administrative record as a whole,

1    weighing both the evidence that supports and the evidence that detracts from the Commissioner's

2    conclusion. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

3         Under the substantial evidence test, the Commissioner's findings must be upheld if supported

4    by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190,

5    1193 (9th Cir. 2003). When the evidence will support more than one rational interpretation, the Court

6    must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

7    Consequently, the issue before this Court is not whether the Commissioner could reasonably have

8    reached a different conclusion, but whether the final decision is supported by substantial evidence.

9         It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to

10   the basis of the findings when determining if the Commissioner's decision is supported by substantial

11   evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where

12   appropriate, should include a statement of subordinate factual foundations on which the ultimate factual

13   conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez*

14   *v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

15        B.    Disability Evaluation Process

16        The individual seeking disability benefits bears the initial burden of proving disability. *Roberts*

17   *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the

18   "inability to engage in any substantial gainful activity by reason of any medically determinable physical

19   or mental impairment which can be expected . . . to last for a continuous period of not less than 12

20   months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical

21   evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual

22   establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show

23   that the individual can perform other substantial gainful work that exists in the national economy.

24   *Reddick*, 157 F.3d at 721.

25        The ALJ follows a five-step sequential evaluation process in determining whether an individual

26   is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If

27   at any step the ALJ determines that he can make a finding of disability or nondisability, a determination

28   will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003);

4

*see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(b), 416.920(b).  SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit.  20 C.F.R. §§ 404.1572(a)-(b), 416.972(a)-(b).  If the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work.  20 C.F.R. §§ 404.1521, 416.921; Social Security Rulings ("SSRs") 85-28 and 96-3p.[1] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926.  If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509, 416.909), then a finding of disabled is made.  20 C.F.R. §§ 404.1520(h), 416.920(h).  If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

---

[1] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1224.

1    Before considering step four of the sequential evaluation process, the ALJ must first determine
2    the individual's residual functional capacity.  20 C.F.R. §§ 404.1520(e), 416.920(e).  The residual
3    functional capacity is a function-by-function assessment of the individual's ability to do physical and
4    mental work-related activities on a sustained basis despite limitations from impairments.  SSR 96-8p.
5    In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to
6    which the symptoms can reasonably be accepted as consistent with the objective medical evidence and
7    other evidence.  20 C.F.R. §§ 404.1529 and 416.929; SSRs 96-4p, 96-7p.  To the extent that statements
8    about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not
9    substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the
10   individual's statements based on a consideration of the entire case record.  The ALJ must also consider
11   opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs
12   96-2p, 96-5p, 96-6p, and 06-3p.

13   The fourth step requires the ALJ to determine whether the individual has the residual functional
14   capacity to perform his past relevant work ("PRW").  20 C.F.R. §§ 404.1520(f), 416.920(f).  PRW
15   means work performed either as the individual actually performed it or as it is generally performed in
16   the national economy within the last 15 years or 15 years prior to the date that disability must be
17   established.  In addition, the work must have lasted long enough for the individual to learn the job and
18   performed at SGA.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.  If the individual has the
19   residual functional capacity to perform his past work, then a finding of not disabled is made. If the
20   individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the
21   fifth and last step.

22   The fifth and final step requires the ALJ to determine whether the individual is able to do any
23   other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R.
24   §§ 404.1520(g), 416.920(g).  If he is able to do other work, then a finding of not disabled is made.
25   Although the individual generally continues to have the burden of proving disability at this step, a
26   limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is
27   responsible for providing evidence that demonstrates that other work exists in significant numbers in the
28

1    national economy that the individual can do.  *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068,

2    1071 (9th Cir. 2010).

3    **III.     ANALYSIS AND FINDINGS**

4             Plaintiff seeks reversal and/or remand of the ALJ's decision on the ground that the ALJ failed

5    to properly evaluate Plaintiff's pain in the credibility assessment.  The ALJ is required to engage in a

6    two-step analysis to evaluate credibility: (1) determine whether the individual presented objective

7    medical evidence of an impairment that could reasonably be expected to produce some degree of pain

8    or other symptoms alleged; and, (2) if the individual has satisfied the first step of the test with no

9    evidence of malingering, the ALJ may only reject the individual's testimony about the severity of the

10   symptoms by giving specific, clear, and convincing reasons for the rejection. *See Vasquez v. Astrue*, 572

11   F.3d 586, 591 (9th Cir. 2009).[2]  To support a finding of less than fully credible, the ALJ is required to

12   point to specific facts in the record that demonstrate that the individual's symptoms are less severe than

13   he claims. *See id.* at 592.  "Factors that an ALJ may consider in weighing a claimant's credibility

14   include reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily

15   activities, and unexplained, or inadequately explained, failure to seek treatment or follow a prescribed

16   course of treatment." *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (internal quotation marks and

17   citations omitted).

18            Plaintiff contends that the ALJ did not provide clear and convincing reasons for rejecting his

19   testimony regarding his subject symptoms.  Plaintiff argues that the ALJ improperly assessed his

20   subjective symptom testimony in assessing the residual function capacity.  Docket No. 24 at 4.  In

21   particular, Plaintiff argues that the ALJ improperly conducted the mandated two-step process. *See id.*

22

23

24            [2] The Commissioner asserts that the Ninth Circuit's "clear and convincing" standard "exceeds the
     requirements set forth by Congress and by the Commissioner at the behest of Congress and would appear
25   to be improper." *See* Docket No. 25 at 5.  The Commissioner fails to show that the relevant Ninth Circuit
     authority has been overruled, however, so this Court continues to apply the standard adopted by the Ninth
26   Circuit. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001) ("A district judge may not
     respectfully (or disrespectfully) disagree with his learned colleagues on his own court of appeals who have
27   ruled on a controlling legal issue . . .   Binding authority must be followed unless and until overruled by a
     body competent to do so").
28

1    at 6.  Plaintiff argues that the ALJ failed to provide sufficient rationale for her decision to find Plaintiff

2    not fully credible.  *See id.*; *see also id.* at 12.  Plaintiff further asserts that the ALJ's rejection of his

3    testimony appears to be based on the lack of objective evidence supporting it, which Plaintiff asserts is

4    an insufficient basis on which to make an adverse credibility finding.  *See id.* at 7-8.  Lastly, Plaintiff

5    asserts that his testimony regarding his daily activities was not a sufficient basis to make an adverse

6    credibility finding because Plaintiff contends his daily activities indicate only a capacity for sporadic and

7    unsustained activities.  *See id.* at 9-11.

8         The Commissioner argues that the ALJ provided valid and sufficient bases for finding Plaintiff

9    not fully credible in accordance with SSR 96-7p.  In particular, the Commissioner asserts that the ALJ

10   properly considered Plaintiff's daily activities, lack of medical evidence, sparse medical treatment,

11   success of medication in controlling pain, and the opinions of the consultative examiner and State agency

12   medical consultant.  *See* Docket No. 25 at 5-9.  The Commissioner asserts that the ALJ's findings as to

13   each of these factors was supported by the record and that Ninth Circuit case law makes clear that they

14   are each proper factors for consideration.  *See id.*  In short, the Commissioner argues that the ALJ

15   properly evaluated Plaintiff's subjective complaints in making her credibility determination.

16        Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for

17   finding Plaintiff not fully credible.  First, the ALJ noted that Plaintiff's daily activities undermined his

18   complaints of disability.  *See* A.R. 31.  For example, the ALJ highlighted Plaintiff's testimony that he

19   babysits his grandchildren for ten hours a day.  *See* A.R. 31 (also noting other daily activities, including

20   walking, cooking, and using public transportation).  This finding is supported by the record.  *See, e.g.*,

21   A.R. 54 (testimony that Plaintiff's "typical day" consists of babysitting eight or nine of his grandchildren

22   for approximately ten hours, and sometimes from 6:00 a.m. to 6:00 p.m.).  Moreover, it is proper for the

23   ALJ to consider the claimant's daily activities in making the credibility determination.  *See, e.g.*, *Bray*,

24   554 F.3d at 1227.  Nonetheless, Plaintiff contends that the ALJ was not permitted to base an adverse

25   credibility determination on Plaintiff's testimony regarding his daily activities because Plaintiff need not

26   be comatose or a quadriplegic to be considered disabled and because his testimony was not inconsistent

27   with his claim of disability.  *See* Docket No. 24 at 10.  While Plaintiff may disagree with the ALJ's

28   interpretation of the record, the ALJ was permitted to make an adverse credibility determination based

1    on Plaintiff's daily activities as one of the several factors she considered.  *See, e.g.*, *Bray*, 554 F.3d at

2    1227 (finding activities supported adverse credibility finding where the claimant was a caregiver for two

3    years, cooked, walked, cleaned and drove).

4          Second, the ALJ found Plaintiff's subjective complaints of disabling pain were not supported by

5    medical evidence.  *See* A.R. 30-31.  This finding of a lack of medical evidence is supported by the

6    record.  *See, e.g.*, A.R. 30-31 (providing citations to myriad parts of the record).[3]  Plaintiff attempts to

7    establish error by arguing that the ALJ based the credibility determination solely on a lack of objective

8    medical evidence.  *See* Docket No. 24 at 7-8 (discussing *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir.

9    1991) (en banc)).  Plaintiff's contention is belied by the ALJ's decision, however, which considers other

10   factors, as well.  Indeed, Plaintiff's own brief also discusses the ALJ's consideration of his daily

11   activities as a factor in making the credibility determination.  *See* Docket No. 24 at 9-11.  It was proper

12   for the ALJ to consider the lack of medical evidence as part of her consideration of the entire body of

13   evidence in making the credibility determination.  *See Burch*, 400 F.3d at 681 ("Although lack of

14   medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ

15   can consider in [her] credibility analysis")); *see also Washington v. Colvin*, 2:11-cv-860-JCM-CWH,

16   2014 U.S. Dist. Lexis 51848, *4 (D. Nev. Apr. 14, 2014) (rejecting similar argument).

17         Third, the ALJ highlighted that Plaintiff had sparse medical treatment.  *See* A.R. 30-31.  This

18   finding is supported by the record.  *See, e.g.*, A.R. 30-31 (providing citations to myriad parts of the

19   record).  Moreover, it is proper for the ALJ to consider unexplained or inadequately explained failure

20   to seek treatment in making the credibility determination.  *See, e.g.*, *Molina v. Astrue*, 674 F.3d 1104,

21   1112 (9th Cir. 2012).

22         Fourth, the ALJ noted that Plaintiff's pain responded to medication.  *See* A.R. 30, 31.  This

23   finding is supported by the record.  *See, e.g.*, A.R. 241.  Moreover, it is proper for the ALJ to consider

24

25

26

27
         [3] The ALJ provided Plaintiff with 30 days after the hearing to supplement the record with any
28   additional medical evidence, but no such evidence was submitted.  *See* A.R. 30, 58-59.

1   the success of medication in controlling pain in making the credibility determination.  *See, e.g.,*

2   *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).[4]

3     Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for

4   finding him not fully credible.  The Court finds that, while Plaintiff may not agree with the ALJ's

5   interpretation of the record, the facts relied upon by the ALJ are supported by the record.  Moreover,

6   Ninth Circuit authority confirms that the factors considered by the ALJ were proper and that the ALJ

7   could make an adverse credibility finding based on those factors taken collectively.  As a result, the

8   Court finds the ALJ's credibility finding is supported by substantial evidence.

9   **IV.**  **CONCLUSION**

10     Judicial review of the Commissioner's decision to deny disability benefits is limited to

11   determining whether the decision is free from legal error and supported by substantial evidence.  It is

12   the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and

13   resolve conflicts in the evidence including differences of opinion.  Having reviewed the Administrative

14   Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court

15   finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and the ALJ

16   did not commit legal error.

17     Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for

18   Reversal and/or Remand (Docket No. 24) be **DENIED** and that Defendant's Cross-Motion to Affirm

19   (Docket No. 25) be **GRANTED**.

20   <u>**NOTICE**</u>

21     Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be**

22   **in writing and filed with the Clerk of the Court within 14 days of service of this document.** The

23   Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to

24   _____

25     [4] The Commissioner also argues that the ALJ's credibility finding was supported by the opinions of
the consultative examiner and State agency medical consultant.  *See* Docket No. 25 at 9. The ALJ gave little

26   weight to these opinions, however, because they opined that Plaintiff could perform at a medium exertional

27   level while the ALJ herself found that Plaintiff is somewhat more limited.  *See* A.R. 31.  Moreover, the ALJ
noted that new evidence was admitted into the record following the rendering of the opinion.  *See id.* at 31-

28   32.

1   the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This

2   circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly

3   address and brief the objectionable issues waives the right to appeal the District Court's order and/or

4   appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th

5   Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

6           IT IS SO ORDERED.

7           DATED:   September 18, 2014.

8

9                                              _____

10                                            NANCY J. KOPPE
                                             United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28